AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
### Eastern District of Michigan

United States of America

v.

Larry Lorenzo

    Defendant

**ORDER OF DETENTION PENDING HEARING ON VIOLATION OF SUPERVISED RELEASE**

Case Number: 99-CR-20046-01

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☒ (1) I find that: DEF IS ON SUPERVISED RELEASE, THEREFORE IT IS HIS BURDEN TO SHOW THAT THERE ARE CONDITIONS JUSTIFYING HIS RELEASE, SEE FRCrP Rule 32.1(a)(6)
- there is probable cause to believe that the defendant has committed an offense
- for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or _____;
- under 18 U.S.C. § 924(c).

(2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☐ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

☒ (a) nature of the offense–violation of supervised release, left state, arrested in Kentucky for OUIL, did not report nor did he report the OUIL arrest. Last appearance was Sept 2005

☒ (b) weight of the evidence–strong. Arrest from Kentucky demonstrates leaving state–whether this is relevant to fleeing or not (as argued by def attorney) must be determined later-- and there is also strong evidence of non-reporting.

☒ (c) history and characteristics of the defendant
  ☒ 1) physical and mental condition–record of drug use via positive drug screen and Kentucky OUIL to which he pleaded guilty–history of other drug use but did not complete drug treatment.
  ☒ 2) employment, financial, family ties–def has strong ties to Detroit area, has worked and lived at same address given to probation since 2003. Works on autos everyday.
  ☒ 3) criminal history and record of appearance–history of non-appearance.

☒ (d) probation, parole or bond at time of the alleged offense–currently on supervised release in this matter.

☒ (e) danger to another person or community–no evidence of danger, unless OUIL could be construed as such which I am not doing here.

**Defendant appears to be hard working, with stable employment in this area. There is strong proof of most, if not all, of the claimed violations. He did leave the area without permission, although the leaving was not designed to be permanent but was done in the context of his employment. There seems to be a persistent and pervasive pattern of drug and alcohol use, failure to complete drug treatment, and failures to appear. Def appears to have serious ongoing and unaddressed drug problem. Perhaps future release and continued supervision is appropriate but at this time, def appears to need some time without drugs or alcohol in structured setting in order to guarantee his appearance for the VSR hearing.**

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| *Date*  7/12/2006 | s/Virginia M. Morgan |
|  | *Signature of Judge* |
|  | Virginia M. Morgan, United States Magistrate Judge |
|  | *Name and Title of Judge* |